UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO. 5:22-cr-00033

GARY LEE HODGES

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Gary Hodges' objection to the Presentence Investigation Report ("Report" or "PSR").

Mr. Hodges is scheduled for sentencing on February 24, 2023. [Doc. 70]. For the following reasons, the Court **OVERRULES** Mr. Hodges' objection. A five-level enhancement under U.S.S.G. § 4B1.5(b)(1) is appropriate.

### I.

Between December 13, 2021, and January 14, 2022, Mr. Hodges communicated with undercover officers from the Federal Bureau of Investigation who were then impersonating a 33-year-old single mother who represented herself as having daughters aged 11 and 13 years. During this time, Mr. Hodges exchanged messages over internet, email, and text expressing a desire to join the family in Beckley as a "head of household," grandfather figure and to initiate an incestuous relationship with all three. In his communications, Mr. Hodges inquired of both daughters' sexual experiences and described in graphic detail his sexual intentions with both girls and their mother. Shortly after Christmas in 2021, Mr. Hodges mailed lingerie for all three to wear. On December 28, 2021, Mr. Hodges began communicating directly with the purported 13-year-old girl via email and continued to email her directly almost daily. In his emails, Mr. Hodges

described himself as a man who was going to come live with the family as a "permanent grandfather of sorts." He also mentioned he looked forward to seeing her model the lingerie he had sent. Shortly before traveling to West Virginia to meet the family, Mr. Hodges sent another package with gifts for the girls, including bracelets for the 13-year-old and a stuffed animal for the 11-year-old. He also arranged a future trip for the family to travel to Washington, D.C., to visit the zoo. On January 14, 2022, Mr. Hodges was arrested upon his arrival in Charleston.

On June 16, 2022, Mr. Hodges pled guilty to two counts of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). [Doc. 54]. At the sentencing hearing held December 30, 2022, the Court directed the parties to brief the issues discussed herein. The matter is ready for adjudication.

## II.

*United States Sentencing Guidelines* § 4B1.5(b)(1) provides for a 5-level enhancement to a defendant's base offense level "in any case in which [(1)] the defendant's instant offense of conviction is a covered sex crime, [(2)] neither §4B1.1 nor subsection (a) of this guideline applies, and [(3)] the defendant engaged in a pattern of activity involving prohibited sexual conduct." The second element is not in controversy. Analysis under § 4B1.5(b) thus proceeds in two steps. First, the Court must determine whether the offense of conviction is a covered sex crime. The Guidelines' commentary provides a "covered sex crime" includes an offense against a minor under Chapter 117 of Title 18, United States Code, except for offenses under that chapter related to transmitting information about a minor. U.S.S.G. § 4B1.5, Application Note 2. A "minor" includes "an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years; and (ii) could be provided for

the purposes of engaging in sexually explicit conduct." *Id.* at Application Note 1. If a defendant's offense of conviction is found to be a covered sex crime, the Court proceeds to the second step of the analysis to determine whether the defendant "engaged in a pattern of activity involving prohibited sexual conduct." Prohibited sexual conduct, in relevant part, includes "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)." *Id.* at Application Note 4(A). A defendant engages in a pattern of activity "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." *Id.* at Application Note 4(B). An occasion of prohibited sexual conduct may be considered for purposes of the enhancement regardless of whether it resulted in a conviction or occurred during the offense of conviction. *Id.*

### III.

The United States contends the enhancement is properly applied. [Doc. 72]. It notes Mr. Hodges' offense of conviction arises under Chapter 117 and is thus a covered sex crime. [*Id.* at 3]. The United States further asserts Mr. Hodges has engaged in "numerous examples of prohibited sexual conduct in connection with the instant offense," namely, (1) Mr. Hodges' attempted enticement of Minor Female 1, (2) his separate, attempted enticement of Minor Female 2, and (3) his interstate travel to West Virginia for the purpose of engaging in sexual intercourse with both purported minors. [*Id.* at 3–4]. The United States emphasizes Mr. Hodges engaged in "numerous discrete activities which each individually would have been sufficient to support a conviction" for attempted enticement, in addition to the interstate travel. [*Id.* at 4]. These include mailing lingerie to the minor females; expressing his desire to the purported 13-year-old girl to see her model the lingerie he had sent; sending additional gifts to the girls shortly before traveling to West Virginia; and booking the trip to take the mother and daughters to Washington, D.C. Thus,

3

the United States contends the record is sufficient to establish Mr. Hodges' conduct meets the pattern of activity standard under the Guidelines.

Mr. Hodges acknowledges certain "recent legal authority" concerning instances of proper application of the enhancement. [*See* Doc. 73 at 2]. Indeed, a review of Mr. Hodges' cited authority reveals a constructive concession that the enhancement is properly applied based on the conduct underlying his offenses of conviction. *See United States v. Haas*, 986 F.3d 467 (4th Cir. 2021) (five-level enhancement for repeat and dangerous sex offenders against minors properly applied to defendant's sentence); *United States v. Cifuentes-Lopez*, 40 F.4th 1215 (10th Cir. 2022) (five-level sentencing enhancement for pattern-of-activity involving sexual abuse or exploitation of a minor properly applied; "the plain meaning of the Application Note is that a pattern of activity includes when a defendant engages in sexual conduct against two different minors on separate occasions *or* against the same minor on two different occasions" (emphasis in original)); *United States v. Fox*, 926 F.3d 1275, 1280 (11th Cir. 2019) ("The plain meaning of 'separate occasions' ... requires only events that are independent and distinguishable from each other. Multiple, distinct instances of abuse—whether ongoing, related, or random—meet the requirements under § 4B1.5(b)(1).").

The five-level enhancement is properly applied to Mr. Hodges based on his conduct underlying the instant offenses of conviction. First, Mr. Hodges pled guilty to two counts of attempted enticement of a minor in violation of 18 U.S.C. §2422(b), which arises under Chapter 117. Thus, the instant offense of conviction is a covered sex crime. Having determined Mr. Hodges' offense of conviction is a covered sex crime, the Court must consider whether Mr. Hodges engaged in prohibited sexual conduct with a minor on at least two separate occasions. Title 18

U.S.C. §2426(b)(1)(A) contemplates offenses arising under Chapter 117. In light of the Commentary's instruction that an occasion of prohibited sexual conduct may be considered regardless of whether it resulted in a conviction or occurred during the instant offense, Mr. Hodges' conduct relating to the attempted enticement of Minor Female 1 and separate, attempted enticement of Minor Female 2 is sufficient to establish a pattern of activity under the Guidelines.

Inasmuch as the Court finds that Mr. Hodges' conduct in the instant offenses of conviction satisfy the pattern of activity standard, the Court does not find it necessary to consider the events which occurred in California in 2006.

Based upon the foregoing, the evidence is sufficient to support a finding that Mr. Hodges engaged in a pattern of activity involving prohibited sexual conduct. The Court **OVERRULES** the objection.

**IV.**

Based on the foregoing, the Court **FINDS** appropriate a five-level enhancement under U.S.S.G. §4B1.5(b)(1) for engaging in a pattern of activity of prohibited sexual conduct.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 24, 2023



Frank W. Volk
United States District Judge