UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                              CRIMINAL ACTION NO. 5:22-cr-00033-1

GARY LEE HODGES

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Gary Lee Hodges' Emergency Motion for Compassionate Release [Doc. 96], filed October 15, 2024.[1] On October 16, 2024, the Court ordered the United States to respond on or before October 25, 2024. [Doc. 97]. The Government responded in opposition on October 25, 2024. [Doc. 100]. On November 18, 2024, Mr. Hodges replied.[2] [Doc. 101]. The matter is ready for adjudication.

**I.**

On June 16, 2022, Mr. Hodges pled guilty to two counts of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). [Doc. 54]. On February 24, 2023, Mr. Hodges was sentenced to 324 months in prison on each count, to run concurrent to one another, and a term of

---

[1] Inasmuch as the Motion for Compassionate Release, [Doc. 96], contained voluminous personal records, including sensitive non-redacted information, the Court provisionally sealed Exhibit Numbers 3 [**Doc. 96-3**] and 4 [**Doc. 96-4**]. The Court **ORDERS** the subject exhibits remain **SEALED**. The Court notes that the records include confidential materials and otherwise sensitive information unsuitable for public disclosure.

[2] Additionally, Mr. Hodges' Reply, [Doc. 101], contained non-redacted personal records of Mr. Hodges' brother, Robert, and information from his sister, Kathilie Gruggett, regarding Robert. The Court provisionally sealed Exhibit Numbers 1 [**Doc. 101-1**] and 2 [**Doc.101-2**]. The Court **ORDERS** the subject exhibits remain **SEALED**. The Court notes that the records include confidential medical materials and otherwise sensitive information not suitable for public disclosure.

15 years of supervised release. [Doc. 75]. He is currently incarcerated, with a projected release date of April 21, 2044.

On October 15, 2024, Mr. Hodges filed the instant Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A). [Doc. 96]. He contends his circumstances warrant compassionate release because his brother, Robert ("Robert") Hodges (a/k/a David), "is presently under care for a critical illness (acute myeloid leukemia), hospitalized, and will need significant caregiver help upon discharge." [*Id*. at 1]. Mr. Hodges provides he is the only available caregiver for his brother. [*Id*.]. He identifies the following family-members and reasons they are unavailable to care for his brother: (1) his brother's daughter lives approximately 182-miles away and works three jobs, (2) his brother's son lives 160-miles away and works approximately 60 hours a week, and (3) his sister lives approximately 140-miles away and cares for her six grandchildren while their parents are at work. [*Id*. at 9].

Mr. Hodges states he has volunteered to donate his bone marrow to his brother, but BOP requires inmates to bear all costs associated with such a procedure. [*Id*., Ex. 2]. He also alleges his brother is at risk of losing his mobile home due to his inability to "keep up" his lot. [*Id*., Ex. 10]. Mr. Hodges attached the following to his motion: (A) "Request to Staff, Electronic e-mail to FCI-Marianna Warden," (B) "Dr. Dutia's Letter regarding Robert Hodges," (C) "Robert Hodge's Affidavit," (D) "B.O.P. Documents," (E) "Gary Hodge's Affidavit," (F) "Letters of support," (G) "Individual Spiritual and Academic Studies/Grades," (H) "Psychology Programming," and (I) "Robert's eviction notion." [Doc. 96, Exs. 2-10].

On October 25, 2024, the Government responded that release is unwarranted inasmuch as (1) Mr. Hodges did not "make a 'robust evidentiary showing' that he is the only available caregiver for his brother," (2) "his purported rehabilitation during his short time in prison

offers no support for his motion for compassionate release," and (3) the 18 U.S.C. § 3553(a) factors do not support release. [Doc. 100].

On November 18, 2024, Mr. Hodges replied. [Doc. 101]. He asserts he has provided a "robust" showing of evidentiary support. [*Id*. at 1]. Mr. Hodges attached the following additional support: (1) letter from Robert's sister, Kathilie Gruggett, dated October 3, 2024, (2) medical documentation that Robert "will need significant caregiver help," and (3) an affidavit from Mr. Hodges with applicable updates and reiterating he was the only caregiver available.

## II.

The First Step Act (the "Act") amended 18 U.S.C. § 3582(c)(1)(A) to expand access to compassionate release to incarcerated individuals. Prior to enactment, a court could only consider compassionate release on motion by the BOP. The Act permits "incarcerated persons to file their own motions for compassionate release." *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024). Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), the defendant must first exhaust the administrative process established by the BOP or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release or sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the court must (1) find extraordinary and compelling reasons warrant a sentence reduction, (2) determine whether the requested reduction in sentence is consistent with "applicable policy statements issued by the Sentencing Commission," *Davis*, 99 F.4th at 654 (internal quotation marks omitted), and (3) consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). The Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States*,

597 U.S. 481, 484 (2022). However, this broad discretion "does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence . . . counsels against providing relief." *Id*. at 502. Rather, "[i]t is only when Congress or the Constitution limits the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained." *Id*. at 486–87; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (holding that when analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting [its] analysis.").

In April 2023, the Sentencing Commission promulgated amendments to the federal sentencing guidelines that took effect on November 1, 2023. Among those amendments was a revision to Section 1B1.13(a) authorizing a defendant to file a motion under 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 further provides any of the following circumstances or combination thereof constitute extraordinary and compelling reasons: (1) the medical circumstance of the defendant, including, *inter alia*, an ongoing infectious disease outbreak at the defendant's facility or an ongoing declared public health emergency, (2) the defendant's age, (3) the defendant's family circumstances, (4) the defendant is a victim of abuse, (5) other circumstances similar in gravity to those previously listed, or (6) the defendant received of an unusually long sentence. *See* U.S.S.G. § 1B1.13(b)(1)-(6).

District courts may determine extraordinary and compelling reasons exist for a sentence reduction in light of the defendant's family circumstances. Considerations include whether the defendant can show that an immediate family member is incapacitated, unable to care for themselves, and that the defendant is the only caregiver. Section 1B1.13(b)(3)(A)–(D) focuses

4

on the defendant being the only available caregiver. Section 1B1.13(b)(3)(B) provides "[t]he *incapacitation* of the defendant's spouse . . . when the defendant would be the *only* available caregiver for the spouse" may constitute an extraordinary reason for compassionate release. Section 1B1.13(b)(3)(B) (emphasis added). Section 1B1.13(b)(3)(D) provides the same for any other immediate family member "when the defendant would be the *only* available caregiver." Section 1B1.13(b)(3)(D) (emphasis added); *see United States v. Burrough*, No. 3:04-CR-00191-FDW, 2022 WL 2318512, at *5 (W.D.N.C. June 28, 2022) ("Generally, compassionate release based on family circumstances has only been granted where a defendant is the sole available caregiver for his or her minor child or a closely related and incapacitated adult."); *see also United States v. Huffman*, No. 2:19-CR-00163, 2024 WL 3046412, at *4 (S.D. W. Va. June 18, 2024) (Copenhaver, J.) (denying compassionate release to defendant in part because he failed to provide any evidence to show he is the only potential caregiver for his parents)). Courts will generally "decline to grant compassionate release in the absence of a robust evidentiary showing that defendant is the only available caregiver." *United States v. Richardson*, No. 5:18-CR-507-1FL, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020).

If an inmate demonstrates extraordinary and compelling reasons for release, and a reduction is consistent with the Sentencing Commission's policy statements, the court must then consider the section 3553(a) sentencing factors in deciding whether to exercise its discretion to reduce the inmate's sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). These factors include:

>  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>  (2) the need for the sentence imposed—

5

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a); *see High*, 997 F.3d at 187.

### III.

*A. Extraordinary and Compelling Reasons*

Mr. Hodges has mustered no evidence he is the sole individual who could render care. The Government states as follows:

> Defendant has not established any reasons why [Robert] Hodges' sister, daughter, or son are completely unavailable to provide care to him or share in the care of him. The fact that they do not live near him or that they have other obligations in life is a reality that many families face and are not extraordinary and compelling. And the law is clear – in order to justify releasing a defendant decades before his intended release date, he must be the only available caregiver, not simply a more convenient available caregiver.

[Doc. 100 at 5]. In reply, Mr. Hodges offers a letter from Ms. Gruggett stating she is unable to care for Robert, and medical documentation reflecting Robert "will need significant caregiver help." [Doc. 101, Ex. 3]. Neither advances his cause.

The Court sympathizes with Robert's condition and its seriousness. Mr. Hodges, however, has not met the governing standard. For example, Mr. Hodges notes the traveling distance for other caretakers. But he is silent respecting (1) why Robert cannot move to his sister, daughter, or son, (2) why residential or in-home care is not an option, or (3) any documentation directly from Robert's son. None of these considerations aid his effort to demonstrate he is the

only option for Robert. And that is fatal to his claim.

Neither does Mr. Hodges move the needle appreciably with his asserted satisfaction of his rehabilitation goals. Mr. Hodges was 72 when he committed the instant offense. And while his rehabilitative efforts and lack of disciplinary infractions are commendable, Congress has made clear "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for sentence modification. 28 U.S.C. § 994(t). The Court may, however, account for a defendant's rehabilitative efforts "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). In view of Mr. Hodges' advanced age when he committed the instant offense and the circumstances, his post-sentencing rehabilitation efforts do not approach counterbalancing the concerns underlying the 324-month term imposed.

Accordingly, the Court **FINDS** Mr. Hodges has not shown extraordinary and compelling reasons exist entitling him to compassionate release.

**B.**     *3553(a) Factors*

Moreover, neither do the 18 U.S.C. § 3553(a) factors support a sentence reduction. Respecting the nature and circumstances of the offense, Mr. Hodges communicated with undercover officers from the Federal Bureau of Investigation who were then impersonating a 33-year-old single mother who represented herself as having daughters aged 11 and 13 years. The communications described in graphic detail his sexual intentions with the minor children and their mother, as well as inquiring into both daughters' sexual experiences. Toward the end of December 2021, Mr. Hodges (1) mailed lingerie for all three to wear, (2) communicated directly, and often, with the alleged 13-year-old girl via email, (3) sent another package with gifts for the girls, and (4) had intentions to travel with the family to Washington, D.C.. On January 14, 2022, Mr. Hodges

7

was arrested upon his arrival in Charleston, West Virginia. His criminal misconduct was abominable.

Further, a reduced sentence would neither convey the seriousness of the offense or foster respect for the law. It would also run contrary to traditional notices of deterrence. Mr. Hodges' guideline range was 324 to 405 months. Ultimately, he was sentenced at the bottom of that range on each count, running concurrent to one another. [Doc. 75]. To now reduce that considerable term by hundreds of months necessarily diminishes the seriousness of the offense.

In sum, regardless of Mr. Hodges' familial circumstances and purported rehabilitation, the section 3553(a) factors strongly counsel against a sentence reduction.

**IV.**

Accordingly, the Court **DENIES** Mr. Hodges' Motion for Compassionate Release [**Doc. 96**].

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED: December 30, 2024

Frank W. Volk
Chief United States District Judge